# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MELANIE A. FARRO, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| GLOBAL CREDIT & COLLECTION, CORP., and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, MELANIE A. FARRO, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, GLOBAL CREDIT & COLLECTION, CORP., ("GLOBAL"), JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.     As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.     The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.     Plaintiff is a natural person and a resident of Morris County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.     GLOBAL maintains a location at 5440 N. Cumberland Avenue, Suite 300, Chicago, IL 60656.

8.     Upon information and belief, GLOBAL uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.     GLOBAL is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.    John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

- All Morris County, New Jersey consumers who were sent letters and/or notices from GLOBAL concerning a debt owed to CITIBANK, N.A., which contained at alleged conduct.

- The class definition may be subsequently modified or refined.

- The Class period begins one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a.   Whether the Defendant violated various provisions of the

FDCPA.

b.   Whether Plaintiff and the Class have been injured by the

Defendant's conduct;

c.   Whether Plaintiff and the Class have sustained damages and are

entitled to restitution as a result of Defendant's wrongdoing and if

so, what is the proper measure and appropriate statutory formula to

be applied in determining such damages and restitution; and

d.   Whether Plaintiff and the Class are entitled to declaratory and/or

injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small

claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    On or before January 1, 2018, Plaintiff allegedly incurred a financial obligation to CITIBANK, N.A.. ("CITIBANK").

16.    The CITIBANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    The CITIBANK obligation did not arise out of a transaction which was for non-personal use.

18.    The CITIBANK obligation did not arise out of a transaction which was for business use.

19.    The CITIBANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.    CITIBANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.     On or before March 15, 2018, the CITIBANK obligation was placed GLOBAL.

22.     On or before March 15, 2018, the CITIBANK obligation was placed GLOBAL for the purpose of collection.

23.     At the time the CITIBANK obligation was referred to GLOBAL the CITIBANK obligation was past due.

24.     At the time the CITIBANK obligation was referred to GLOBAL the CITIBANK obligation was in default pursuant to the terms of the agreement creating the obligation.

25.     GLOBAL caused to be delivered to Plaintiff a letter dated March 15, 2018, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A.**

26.     The March 15, 2018 letter was sent to Plaintiff in connection with the collection of the CITIBANK obligation.

27.     The March 15, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28.     Upon receipt, Plaintiff read the March 15, 2018 letter.

29.     The front side of the March 15, 2018 letter stated in part:

Your CITI MASTERCARD account has been placed with Global Credit & Collection Corp., a collection agency.

As soon as we receive your payment in full on the above-noted account all collection activity will be stopped.

All payments mailed to this office should be made payable to Citi.

For your convenience please visit our self service website at https://servicing.globalcollection.net. Once logged in you will have several options; setting up a payment and viewing account details. Use your Global ID and web password xxxxx.

Should you have any questions concerning your payment or your account, please contact our office. Please make sure that your payment clearly identifies your name and that of your creditor so that payment can be properly applied to your account.

Allan Duarte
1-877-241-7841
All calls may be recorded or monitored for quality and training purposes.

We are a debt collector. This is an attempt to collect this debt and any information obtained will be used for that purpose.

NOTICE- SEE REVERSE SIDE  FOR IMPORTANT INFORMATION

30.     The reverse side of the March 15, 2018 letter stated in part:

IMPORTANT  NOTICE OF YOUR RIGHTS UNDER FEDERAL  LAW

Unless you notify  this office  within  30 days after  receiving  this notice  that  you dispute  the validity  of  this debt  or any  portion  thereof,  this office  will assume  this debt is valid.  If you notify this office in writing  within 30 days after receiving this notice that you dispute  the validity of this debt or any portion thereof, this office  will obtain  verification of  the debt or obtain  a copy  of  a judgment,  if any, and  mail  you  a copy  of such  judgment  or  verification. If you request this office in writing within 30 days after receiving  this notice, this office will provide  you  with  the name  and  address  of the original creditor, if different from the current creditor.

We are a debt collector. This is an attempt to collect this debt and any information obtained  will be used for that purpose

31.     Section 1692g(a)(3)of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt…
> send the consumer a written notice containing ---
>
> (3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

32.     A dispute of a debt, to be effective, in the Third Circuit, must be in writing.

*Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). *Caprio v. Healthcare Revenue Recovery Group*, 709 F.3d 142 (3d Cir. March 1, 2013).

33.     GLOBAL knew or should have known that its actions violated the FDCPA.

34.     GLOBAL could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

35.     It is GLOBAL 's policy and practice to send initial written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

> (b)     Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(3);

36.     On information and belief, GLOBAL sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in the County of Morris in the state of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

37.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

38.     Collection letters and/or notices, such as those sent by GLOBAL, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39.     The March 15, 2018 letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute *must* be in writing.

40.     The least sophisticated consumer upon reading the March 15, 2018 letter would be confused as to what she must do to effectively dispute the alleged debt.

41.     The least sophisticated consumer wishing to dispute the alleged debt because the amount due was in questioned, would be confused as to what steps she should take to notify GLOBAL of her dispute.

42.     The least sophisticated consumer upon reading the instructions in the March 15, 2018 letter would be mislead into believing that if she wished to effectively dispute the alleged, debt or any portion thereof, because she questioned the amount of such debt, she may (1) notify GLOBAL by calling Allan Duarte the toll free telephone number of 1-877-241-7841 (with the understanding that her call may be recorded or monitored) or (2) write to GLOBAL at the address listed in the letter.

43.     GLOBAL's instructions would cause the least sophisticated consumer to be unsure as to what she must do to effectively dispute the alleged debt.

44.     A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Caprio v. Healthcare Revenue Recovery Group, 709 F.3d 142 (3d Cir. March 1, 2013).

45.     GLOBAL violated 15 U.S.C. §1692g(a)(3) by failing to effectively inform Plaintiff in the March 15, 2018 letter, what she must do in order to dispute the alleged debt.

46.     GLOBAL violated 15 U.S.C. §1692e(10) by falsely representing and misleading Plaintiff into believing that if she wished to dispute the alleged debt or any portion thereof, because she questions about the amount her account, that she may (1) notify GLOBAL by calling Allan Duarte at the toll free telephone number of 1-877-241-7841 (with the understanding that her call may be recorded or monitored) or (2) write to GLOBAL at the address listed in the letter.

47.     The March 15, 2018 letter is misleading because the instructions can be read to have two or more meaning, which one is inaccurate.

48.     The March 15, 2018 letter can be read to mean that the least sophisticated consumer may dispute the alleged debt by calling GLOBAL the toll free number provided.

49.	The March 15, 2018 letter can be read to mean that the least sophisticated consumer may dispute the alleged debt by notify GLOBAL in writing at the address provided.

50.	Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

51.	Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

52.	Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

53.	Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

54.	Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

55.	Plaintiff has suffered damages and other harm as a direct result of GLOBAL's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)	Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)	Awarding Plaintiff and the Class statutory damages;

(c)	Awarding Plaintiff and the Class actual damages;

(d)	Awarding pre-judgment interest;

(e)	Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: April 9, 2018

s/ Joseph K. Jones
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

s/ Joseph K. Jones
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 9, 2018

/s/ Joseph K. Jones
Joseph K. Jones, Esq.

# Exhibit

# A



# GL BAL

CREDIT&COLLECTIONCORP

Global Credit & Collection Corp.
5440 N Cumberland Ave., Suite 300
Chicago, IL 60656
1-855-601-0375

March 15, 2018



MELANIE A FARRO

| | |
|---|---|
| Creditor: | Citibank, N.A. |
| Product: | CITI MASTERCARD |
| Global ID: | 3        3 |
| Card Number Ending in: | ************2213 |
| Current Balance: | $3,527.34 |
| Web Password: | epcmxg |

Dear MELANIE A FARRO,

Your CITI MASTERCARD account has been placed with Global Credit & Collection Corp.,
a collection agency.

As soon as we receive your payment in full on the above-noted account all collection activity will be stopped.

All payments mailed to this office should be made payable to Citi.

For your convenience please visit our self service website at https://servicing.globalcollection.net. Once logged in
you will have several options; setting up a payment and viewing account details. Use your Global ID and web
password epcmxg.

Should you have any questions concerning your payment or your account, please contact our office. Please make
sure that your payment clearly identifies your name and that of your creditor so that payment can be properly applied
to your account.

Allan Duarte
1-877-241-7841
All calls may be recorded or monitored for quality and training purposes.

We are a debt collector. This is an attempt to collect this debt and any information obtained will be used for that
purpose.

AFFG18031550244 000398 01 01 000000

NOTICE - SEE REVERSE SIDE FOR IMPORTANT INFORMATION.
Detach and Return Bottom Portion with Payment

| Fill in all of the information below, and we will arrange this payment **free of charge.** | | |
|---|---|---|
| Name of Bank | ☐ Checking | |
| Routing Number | Account Number | Payment Date |
| Name of Account Holder | | |
| Signature | Amount Authorized $ | |

| | |
|---|---|
| Creditor: | Citibank, N.A. |
| Global ID: |        3 |
| Current Balance: | $3,527.34 |

**OR** mail in a check or money order to:

Global Credit & Collection Corp.
PO Box 2127
Schiller Park, IL 60176-1956

3000IMS

# IMPORTANT NOTICE OF YOUR RIGHTS UNDER FEDERAL LAW

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

We are a debt collector. This is an attempt to collect this debt and any information obtained will be used for that purpose.

We are required under the state law to give you the following notices, some of which refer to rights you also have under federal law. This list does not contain a complete list of the rights which consumers or commercial businesses have under state and federal law. Note the following which apply in the specified states:

| STATE | APPLICABLE NOTICE |
|---|---|
| California | The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 am or after 9 pm. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. |
| Colorado | A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE http://WWW.COAG.GOV/CAR. Global Credit & Collection Corp Office in Colorado: 1776 S. Jackson St., #900, Denver, CO 80210 T: 720-287-8663 Hours of Operation: Monday to Friday 9:00am to 5:00pm |
| Maine | The hours of operation for Global Credit & Collection Corp. are as follows: Monday to Friday – 8:00am to 9:00pm, Saturday and Sunday – 8:30am to 5:00pm Our time zone is Eastern Standard Time. |
| Massachusetts | NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt may not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector. Global Credit & Collection Corp. office in Massachusetts: 5230 Washington St., West Roxbury, MA 02132. Hours of Operation: Monday to Thursday 10:00am to 3:00pm |
| Minnesota | This collection agency is licensed by the Minnesota Department of Commerce. |
| New York City | New York City Department of Consumer Affairs license numbers are: Markham – 1210498, Buffalo – 2017093, Chicago – 1210496. In accordance with the requirements of NY Code § 20-493.1 we are disclosing that Global Credit & Collection Corp.'s contact person is: Mr. Peterson T: 773-380-3129 |
| North Carolina | North Carolina Department of Insurance permit numbers are: Chicago – 4370, Markham – 4369 |
| Tennessee | This collection agency is licensed by the Collection Service Board of the Tennessee Department of Commerce and Insurance. |
| Washington | Global Credit & Collection Corp. licensed address in Washington is: 512 Bell St., Edmonds, WA 98020-3147. |